IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY DEMOND GOOLSBY,

 Petitioner,

v.             Civil Action No. 1:04CV145
                   (STAMP)
JOHN ASHCROFT,
United States Attorney General,
THE FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN, Bureau of Prisons
and AL HAYNES, Warden of FCI-Morgantown,
West Virginia,

 Respondents.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On July 1, 2004, pro se petitioner, Jeremy Demond Goolsby, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005.

On May 2, 2005, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. See <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>Web v. Califona</u>, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his § 2241 petition, petitioner contends that the Federal Bureau of Prisons ("BOP") is wrongly implementing a new policy which limits pre-release designations to Community Corrections Centers ("CCC's") to the last ten percent of an inmate's prison term. The petitioner claims that this new policy is being applied retroactively to him in violation of the Ex Post Facto Clause. The petitioner also asserts that the new policy violates the Administrative Procedures Act ("APA"). The petitioner asks this Court to compel the BOP to disregard this policy and to reconsider his eligibility for pre-release designation under the previous criteria. Alternatively, he asks that his sentence be corrected pursuant to Federal Rule of Criminal Procedure 36.

In his report, the magistrate judge first concluded that, while the petitioner admits that he has not exhausted his

administrative remedies, this issue does not bar his petition. The magistrate judge noted that other courts have found that requiring inmates to challenge the BOP's policy regarding placement in CCC's through the administrative process is futile. Thus, the magistrate judge proceeded to consider the petition on its merits.

After reviewing the record, the magistrate judge concluded that the BOP's policy does not violate the Ex Post Facto Clause or the APA. The magistrate judge found that the BOP merely corrected its previous policy to operate more firmly within the directives of 18 U.S.C. §§ 3621(b)[1] and 3624(c)[2]. The magistrate judge stated

---

[1] Title 18, United States Code, Section 3621 states in pertinent part:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence --
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic

that, because the BOP did not change the statutes, but only acted within its discretion to change an erroneous interpretation of them, it cannot be considered to have created an ex post facto law.

Next, the magistrate judge concluded that the petitioner's argument that the new policy violates the APA is without merit. He found that the policy is an interpretive rule, and the APA does not apply to interpretive rules.

Finally, the magistrate judge noted that the petitioner is not entitled to relief under Federal Rule of Criminal Procedure 36. This rule states, in pertinent part: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct

---

> status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b).

[2] Title 18, United States Code, Section 3624 states in pertinent part:

> (c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

an error in the record arising from oversight or omission." The magistrate judge found that this rule is not implicated because the petitioner has set forth no evidence that the judgment in his case contained a clerical error.

Based on this analysis, the magistrate judge concluded that the BOP did not wrongfully apply its new policy in the petitioner's case and the petitioner is not entitled to relief. Thus, he recommended that the § 2241 petition be denied.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, petitioner's § 2241 petition is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 17, 2005

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE